UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                 **CASE NO.: 4:06-CR-074-SPM**

**JOHN SHEFFIELD,**

    **Defendant.**
_____/

**AMENDED ORDER DIRECTING PSYCHIATRIC EVALUATION
AND CONTINUING TRIAL**
*[correcting counsel of record]*

**THIS CAUSE** comes before the Court upon the "Motion to Continue Trial" (doc. 12) and the "Motion to Determine Competency" (doc. 14) both filed November 13, 2006, in which defense counsel raises concerns about both Defendant's sanity at the time of the offense and his competence to proceed to trial. In order to conduct a thorough psychiatric evaluation of Defendant, it will be necessary to postpone the trial currently scheduled for Monday, November 20. The Court specifically finds that the ends of justice served by granting a continuance in this case outweigh the best interests of the public and Defendant in a speedy trial.

Pursuant to 18 U.S.C. § 4241 (competence) and 18 U.S.C. § 4242

(insanity), it is

**ORDERED AND ADJUDGED** as follows:

1. Pursuant to 18 U.S.C. § 4247(b), the defendant is committed to the custody of the Attorney General or his designated representative for placement in a suitable facility in accordance with the guidelines established by 18 U.S.C. § 4247(i).  The period of commitment is for such period of time as needed to fulfill the requirements of this order, but not to exceed forty-five days.  The statutory commitment period provided in 18 U.S.C. § 4247(b) shall not commence until the day the defendant arrives at the facility for evaluation.  Until that time, the defendant is in pretrial detention en route to that commitment.

2. The examination, which shall be conducted as soon as practicable upon arrival at the facility, shall determine whether at this time there is reasonable cause to believe either or both of the following:

    a. that the defendant was legally insane at the time he committed the offense; and/or

    b. that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist

properly in his defense.

3. The appropriate authorities of the facility shall render as soon as practicable a written report with respect to the matters set forth above in conformance with 18 U.S.C. § 4247(c).  This report shall be submitted to the Court with copies provided to Defendant's counsel, Randy Murrell, Esq., and the Assistant United States Attorney, Corey Smith, Esq..  The report shall include:

   a. The defendant's history and present symptoms;

   b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

   c. The examiner's findings; and

   d. The examiner's diagnosis and prognosis as to both insanity at the time of offense and competence to proceed to trial.

4. The United States Marshal is directed to transport the defendant to the designated facility at the earliest possible time and in the most expeditious manner for this evaluation.

5. The Government shall keep the Court and the defendant's counsel, Thomas Miller, apprised of the status of the defendant's examination.

6. Trial in this case is reset for **Tuesday, January 16, 2007** at **8:30 am** at the United States Courthouse in Gainesville, Florida.

7. The clerk is directed to provide a certified copy of this order to the

United States Marshal's Office in Gainesville, Florida.

**DONE AND ORDERED** this <u>fifteenth</u> day of November, 2006.

<u>  *s/ Stephan P. Mickle*             </u>
Stephan P. Mickle
United States District Judge