UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     CASE NO.: 4:06-CR-074-SPM

JOHN SHEFFIELD,

    Defendant.
_____/

## ORDER DIRECTING RISK ASSESSMENT

**THIS CAUSE** comes before the court on the psychiatric evaluation submitted by the Federal Bureau of Prisons Federal Medical Center on December 31, 2007. (doc. 34)  This report states that Defendant is suffering from a disease or defect that renders him mentally incompetent to stand trial.  The report goes on to state that he is not capable of being restored to competency.

    This Court agrees with the conclusion articulated in the report.  Based on this psychiatric report and in accordance with 18 U.S.C. § 4241(d), this Court finds that Defendant is incompetent and that his mental condition has not improved to an extent that will permit the trial to proceed.  Furthermore, this Court finds that there is no substantial likelihood that his competency can or will be restored.  As a result, Defendant is now subject to 18 U.S.C. § 4246, requiring

Defendant to undergo a risk assessment to determine whether his release "would create a substantial risk of bodily injury to another person or serious damage to property of another".

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Pursuant to 18 U.S.C. § 4247(b), Defendant is committed to the custody of the Attorney General or his designated representative for placement in a suitable facility in accordance with the guidelines established by 18 U.S.C. § 4247(i).

2. Pursuant to 18 U.S.C. § 4247(b), the period of commitment is for such time as is needed to fulfill the requirements of this order, but not to exceed forty-five (45) days.

3. The statutory commitment period provided in 18 U.S.C. § 4247(b) shall not commence until the day the defendant arrives at the facility for evaluation. Until that time, the defendant is in pretrial detention en route to that commitment.

4. The examination, which shall be conducted as soon as practicable upon Defendant's arrival at the facility, shall determine whether there is reasonable cause to believe that Defendant's release would create a substantial risk of bodily injury to another person or serious damage to property of another.

5. The appropriate authorities of the facility shall render as soon as

practicable a written report with respect to the matters set forth above in conformance with 18 U.S.C. § 4247(c).

6. This report shall be submitted to the Court with copies provided to Defendant's counsel, Randolph P. Murrell , and the Assistant United States Attorney, Corey J. Smith.

7. The report shall include:

   a. The defendant's history and present symptoms;

   b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

   c. The examiner's findings; and

   d. The examiner's risk assessment of Defendant.

8. The United States Marshal is directed to transport Defendant to the designated facility at the earliest possible time and in the most expeditious manner for this evaluation.

9. The Government shall keep the Court and Defendant's counsel, Randolph P. Murrell, apprised of the status of Defendant's examination.

10. The clerk is directed to provide a certified copy of this order to the United States Marshal's Office in Tallahassee, Florida.

**DONE AND ORDERED** this <u>thirty-first</u> day of January, 2008.

<u>    s/ Stephan P. Mickle    </u>
Stephan P. Mickle
United States District Judge