**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  CASE NO.: 4:06-CR-074-SPM

JOHN SHEFFIELD,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS DEFENSE COUNSEL**

THIS CAUSE comes before the court on the Defendant's pro se "Motion to Dismiss Defense Counsel" (doc. 39). The basis for this request is Defendant's perceived disagreement with his defense counsel about how to proceed with Defendant's representation. This disagreement has resulted in Defendant's belief that defense counsel failed to provide relief through ensuring that Defendant have a trial. Additionally, Defendant complains that defense counsel has not accelerated the process by which Defendant can be transferred from federal custody to state custody. Defendant believes that this could be accomplished by defense counsel submitting court documents to the authorities in state custody in order to make a case for Defendant's transfer. As a result of these conflicts, Defendant requests that new counsel be appointed in accordance with the

Criminal Justice Act ("CJA").

"The Sixth Amendment to the Constitution guarantees that 'in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense.'" Wheat v. United States, 486 U.S. 153, 159 (1988). This right is "designed to assure fairness in the adversary criminal process." Id. (citing United States v. Morrison, 449 U.S. 361, 364 (1981)). Because the Court has recognized that an "unaided layman" lacks the necessary skill to maneuver within "an intricate procedural system," in a trial for a serious crime, the Sixth Amendment guarantees the right to assistance of counsel by appointment if necessary." Id. (citing Powell v. Alabama, 287 U.S. 45, 69 (1932)). See also United States v. Ash, 413 U.S. 300, 307 (1973); Gideon v. Wainwright, 372 U.S. 335 (1963).

When this Sixth Amendment right is triggered and a court must determine regarding whether that right has been violated because of the actions of defense counsel, "the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such." United States v. Cronic, 466 U.S. 648, 657, n. 21 (1984). Accordingly, "[i]f counsel is a reasonably effective advocate, he meets constitutional standards irrespective of his client's evaluation of his performance." Id. (citing Jones v. Barnes, 463 U.S. 745 (1983); Morris v. Slappy, 461 U.S. 1 (1983)). "Thus, while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential

aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." <u>Wheat</u>, 486 U.S. at 159 (citing <u>Morris</u>, 461 U.S. at 13-14 (1983); <u>Jones</u>, 463 U.S. 745)). <u>See also</u>  <u>In re BellSouth Corp.</u>, 334 F.3d 941, 955-956 (11th Cir. 2003) ("While it is true that there is a constitutionally based right to counsel of choice, it is also well established that the right is not absolute.") (citations omitted).  "Accordingly, a litigant's freedom to hire the lawyer of his choice can be overridden if a court finds that the choice would interfere with the orderly administration of justice." <u>In re Bell South Corp.</u>, 334 F.3d at 956.

Here, Defendant Sheffield has merely stated that he is "deeply agitated" with his current counsel and would like for him to be dismissed and replaced by C.J.A. appointment.  However, as mentioned above, Defendant Sheffield is not entitled to defense counsel of his choice.  He is entitled to a reasonably effective advocate for his rights.  After a review of the record in this case, including the documents filed by defense counsel on behalf of Defendant, this Court concludes that the Defendant's current defense counsel is beyond adequate.   Defense counsel has actively advocated on behalf of Defendant and has ensured that Defendant's rights have been protected.  Therefore, this Court finds that the current defense counsel meets constitutional standards in spite of Defendant's evaluation of counsel's performance.  There is no legal justification for a substitution of counsel.  There is no reasonable cause to believe that Mr. Murrell

is rendering ineffective representation.  Additionally, because Defendant has been determined to be suffering from a mental illness and is currently housed in the mental health department of a Federal Medical Center, to appoint another counsel to represent Defendant throughout the remainder of this proceeding would certainly interfere with the smooth and orderly administration of justice.

Accordingly, it is hereby ORDERED AND ADJUDGED that Defendant's "Motion to Dismiss Defense Counsel" (doc. 39) is ***denied***.

DONE AND ORDERED this <u>fifth</u> day of February, 2009.


*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge