IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 4:06-cr-74-SPM/WCS

JOHN BENJAMIN SHEFFIELD,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS INDICTMENT

THIS CAUSE comes before the Court on the Defendant's Motion to Dismiss (doc. 46), the Government's Response in Opposition (doc. 48), and the Defendant's Reply to the Government's Response (doc. 49). For the following reasons, the Defendant's motion will be denied.

In 2006, the Defendant was charged in a three count indictment with drug and firearm offenses. In January of 2009, after a series of mental health evaluations, the Defendant was ordered committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246, upon a finding by Senior United States District Judge W. Earl Britt that the Defendant's release would present a substantial risk of bodily injury to another person or serious damage to the property of another. In January of 2010, Judge Britt determined that the Defendant continued to meet the criteria for commitment to the custody of the

Attorney General.

Defendant requests that the Court dismiss the charges against him, because the Defendant will not be eligible for conditional release, pursuant to the policy of the Bureau of Prisons, until the criminal charges are dismissed. The Court notes that dismissal is not required by statute where the Defendant has been found incompetent to stand trial. <u>See</u> <u>United States v. Perry</u>, 2010 WL 3119627, at *3 n.4 (N.D. Ga. 2010). Additionally, the Court finds that the Defendant's request for dismissal of the charges in order to accommodate a conditional release is premature. The Defendant was first committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246 in January of 2009, on the basis of a mental disease which poses a danger to the public, and it was determined in January of 2010 that the Defendant continues to suffer from such a defect. Pursuant to 18 U.S.C. § 4246(d), the Attorney General is authorized to treat a person suffering from such a defect until his condition, as treated, would not pose a danger to others. Accordingly, dismissal of the charges is not advisable at this time.

Moreover, while the Court has considered the Defendant's argument that the enforcement of the statutory scheme and administrative regulations could result in a de facto life sentence for the Defendant, absent the dismissal of the charges against him at some time, the Court finds that dismissal of the charges at the present time, 22 months after the Defendant was first committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246 for treatment of a dangerous mental defect and well within the range of the potential statutory

penalties the Defendant would face should he be convicted of the charges against him, is not warranted.

Based on the foregoing, it is ORDERED AND ADJUDGED that Defendant's Motions to Dismiss (doc. 46) is denied.

DONE AND ORDERED this <u>thirteenth</u> day of October, 2010.

                        *s/ Stephan P. Mickle*
                        Stephan P. Mickle
                        Chief United States District Judge